[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 30, and the defendant husband, 31, married on August 17, 1991 in Stamford, CT. The parties emigrated from Poland to the USA in 1990. The defendant initially was imported into the deli department of a local supermarket. The parties' only minor child, Karol, was born on Jan. 2, 1992. The plaintiff who worked as a house cleaner, returned to work one month after giving birth. The defendant then became the principal care giver since his wife was able to earn more income. After six months he returned to work evenings for Domino's pizza as a deliveryman where he remained for several years. He also delivered newspapers in the morning beginning at 4 AM. They applied for and obtained a subsidized apartment on Tresser Boulevard in Stamford and where the plaintiff continues to reside with their minor son. Both parties testified that the marriage was a difficult one with the plaintiff alleging physical abuse to her by the defendant as well as his drinking to excess and gambling with money they could ill afford to lose. In 1996 the defendant became an independent contractor as a courier and shortly thereafter left Domino's pizza. His new company required him to CT Page 6117 have a business account using a trade name. The plaintiff claimed that her husband split the bank accounts in order to control the money flow. The court accepts his explanation.
As the parties' combined incomes increased they acquired credit cards that eventually became unmanageable. The defendant began transferring balances in repeated attempts to obtain lower interest rates. The plaintiff attempted to show that the defendant had more income than he stated on his financial affidavit. The court is not convinced that he has additional income and accepts his explanation that the increasing credit card balances produced the extra "income". Currently the plaintiff lists GE credit card $15,500, Macy's $300 and Lord Taylor $40. The defendant lists Discover Card $7850, Fleet bank — MasterCard $5800 and MBNA — Visa $5350. The plaintiff lists First County Bank deposit for $2000 and a 1999 Toyota Corolla valued at $6000 and liened for $10,000. The defendant lists assets totaling $721. The car he leases for his courier business costs $260 monthly. He shall be solely responsible for the lease and vehicle.
The plaintiff is attending hairdressing school on four days weekly with a monthly tuition costing about $364. She is behind in her payments. The defendant has been paying voluntary child support of $100 weekly. The court has examined the child support guidelines worksheet filed by the defendant, accepts it and orders $71 weekly child support and incorporates the form in the judgment. A wage withholding order is entered pursuant to statute and the parties have filed a waiver of right to immediate wage withholding order.
The causes of the marriage breakdown are found to be in the defendant's abusive behavior, his drinking to excess and his inability to communicate. Both parties are in good health and are found to have comparable earning capacities.
The court has reviewed the evidence while having in mind the applicable statutes and the relevant case law and now renders judgment dissolving the marriage on the stipulated ground and enters the following additional orders as part of the decree:
 1. The parties have stipulated to joint legal custody of their minor child with primary residence with the mother and reasonable, liberal, and flexible rights of visitation to the father including weekend, holiday and overnight visits with details to be arranged between them and the court accepts the stipulation and it is so ordered.
CT Page 6118
 2. The defendant shall pay to the plaintiff the sum of $50 weekly as periodic alimony nontaxable to the plaintiff for the term of three years non-modifiable as to term in any and all circumstances, unless sooner terminated by the death of either party, the plaintiffs's remarriage or her cohabitation as defined by statute or as otherwise ordered by the court.
 3. The plaintiff shall be responsible for the General Electric credit card and the other two bills she lists on her financial affidavit.
 4. The defendant shall be solely responsible for the three credit cards he lists on his financial affidavit as well as any unpaid taxes due to the city of Stamford for the 1994 Mazda auto that was registered to the plaintiff.
 5. Each party shall retain the personal property each now processes, free of any claim of the other party.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.
[EDITORS' NOTE: THE FORM IS ELECTRONICALLY NON-TRANSFERRABLE.]